

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV -3 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN KERR DICKSON | § | |
| | § | |
| VS. | § | NO. 4:11-CV-567-A |
| | § | (NO. 4:09-CR-040-A) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Bryan Kerr Dickson, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply, titled "Motion on Government's Response to My § 2255" ("Reply").[1] Having now reviewed all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Following his arrest on March 11, 2009, movant was charged in a superseding indictment with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2),

---

[1] In his Reply, movant complained that the court failed to rule on his motion to appoint counsel, thus requiring him to prepare his §2255 motion and reply without the assistance of counsel. Movant was free to engage his own attorney to provide such assistance; however, he has no constitutional right to the appointment of counsel in connection with a post-conviction motion pursuant to § 2255. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Movant also complained that the government was allowed thirty days to respond to his motion, but he was only allowed eleven days to file a reply. Movant filed a motion seeking additional time to file his reply, which the court granted on September 28, 2011.

and one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Movant pleaded not guilty, and waived his right to a jury trial. Movant was convicted of both counts following a bench trial held June 8, 2009. On October 23, 2009, the court sentenced movant to 240 months as to count one, and 600 months as to count two, to run consecutively to each other for a total term of imprisonment of 840 months, followed by a lifetime term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Dickson, 632 F.3d 186 (5th Cir. 2011), and the United States Supreme Court denied certiorari on May 31, 2011.

## II.

### Grounds of the Motion

Movant's first ground for relief is that his conviction was obtained by use of a confession coerced by the arresting officers. As the second and third grounds, movant alleged that he was denied effective assistance by his trial counsel, Matt Belcher ("Belcher"), and his appellate counsel, William Biggs ("Biggs") and Jason Hawkins ("Hawkins"). As the fourth ground, movant alleged "[d]enial of effective assistance of Judge." Mot. at 8.

As the factual basis of the first ground movant alleged that at the time of his arrest he was in a drug-induced state due to medication he was taking for a knee problem, and that as a result, he was not aware of what he was signing when he admitted to accessing the inappropriate website or showing the arresting officers the location of an incriminating compact disc.

As the factual basis for his claim of ineffective assistance by Belcher, movant alleged a laundry list of complaints, including: (1) last minute appointment of counsel and not meeting with counsel until ten minutes before first court appearance; (2) failure to interview movant; (3) failure to investigate movant's "background and/or priors," id. at 7; (4) failure to investigate movant's sanity; (5) failure to seek movant's release on bail; (6) failure to notify the court when differences arose between Belcher and movant; (7) failure to suppress prior convictions or his confession; (8) failure to inform movant that the court knew about movant's criminal history before movant waived his right to a jury trial; (9) collusion between Belcher and the prosecutor; (10) failure to obtain civilian clothing for movant; (11) failure to make an opening statement; (12) failure to cross examine witnesses; (13) failure to consult with movant on the presentence report; (14) failure to object to introduction of priors by the

prosecution; and (15) not challenging priors during sentencing.

Movant alleged as the factual basis for the third ground that appellate counsel: (1) failed to advise him of his right to appointed counsel on appeal; (2) failed to consult with movant to discuss his appeal or to ask movant's opinion concerning matters to be raised on appeal; (3) "[d]eceiv[ed]" movant as to the existence of an appeal, <u>id.</u> at 7; (4) failed to file a timely brief because the Public Defender is overworked; (5) failed to provide movant a copy of the appellate brief until after it was filed with the court, leaving him no time to object; and (6) did not keep movant informed about progress of the appeal.

Finally, the factual basis of the fourth ground alleged: (1) failure "to seek disqualification of the judge by being influence [sic] by prior criminal background given by the Prosecutor," <u>id.</u> at 8; (2) failure to act when it appeared the judge rushed resolution of the case; and (3) "outrageous conduct by the judge" by questioning witnesses. <u>Id.</u>

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A. Ground One: Alleged Coerced Testimony

Movant failed to raise the issue of his allegedly coerced confession either at his trial or on direct appeal. It is now well settled that "a collateral challenge may not do service for an appeal." Shaid, 937 F.2d at 231 (quoting Frady, 456 U.S. at 165). Non-constitutional claims that could have been, but were not, raised on direct appeal cannot later be brought in a

5

collateral proceeding. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Because movant raised this claim for the first time in his § 2255 motion, he was required to show "cause for his procedural default, and actual prejudice resulting from the error." Shaid, 937 F.2d at 232 (quotation marks and citation omitted). To establish "cause" requires movant to show that "some objective factor external to the defense" prevented him from raising the claim on direct appeal. United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996).

Movant has failed to allege or establish any objective factors external to his defense that prevented him from raising the issue of his confession on direct appeal. Movant is thus procedurally barred from raising this claim on collateral review. Id.; Shaid, 937 F.2d at 232.

B.  Grounds Two and Three: Ineffective Assistance of
    Trial and Appellate Counsel

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both

prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

Many of movant's allegations as to Belcher are belied by the record. Movant alleged that Belcher only met with him ten minutes before his first court appearance, his arraignment. However, during his arraignment movant testified that he had discussed the charges against him with his attorney. The record also reflects that a hearing was held on March 13, 2009, to consider defendant's release on bail. However, the United States Magistrate Judge ordered movant detained pending trial. That Belcher was unsuccessful in obtaining movant's release is not tantamount to ineffective assistance of counsel. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

During movant's criminal trial, on at least two occasions

when witnesses were asked to identify movant, they described him as wearing "a blue and gray jacket" or "blue-and-gray black-striped pullover." Trial Tr. at 17, 59. This testimony makes clear that movant was wearing civilian clothing during his trial, negating this claim. The record also reflects that Belcher cross-examined each of the government's witnesses except for the father of one of movant's victims. Movant has failed to allege how this omission prejudiced his trial, nor did he allege anything Belcher could have asked the father of a one-year-old victim on cross-examination that could have changed the outcome of the trial. Finally, the record of the sentencing hearing refutes movant's allegation that Belcher failed to discuss with him the presentence report. Sentencing Tr. at 4.

Movant alleged that Belcher failed to investigate his background and failed to interview defendant. A defendant alleging that his attorney failed to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Movant failed to make such a showing. Movant did not allege anything that Belcher would have gained from investigating his background or interviewing him that would in any way have altered the outcome

8

of the case.

The same standard applies with regard to movant's allegation that Belcher failed to investigate his "sanity." Mot. at 7. This allegation fails for the same reasons as movant's allegations that Belcher failed to investigate or interview him. Movant has directed the court to no evidence that would have caused Belcher to even consider the need for such an investigation. At no stage of the proceedings did movant indicate the presence of any potential mental, emotional, or psychiatric problem that would have signaled to Belcher the need for further investigation into movant's mental state.

The record, instead, contradicts any such need. At movant's arraignment, for example, he testified that he was not under the care of a psychiatrist. Similarly, during the hearing to consider movant's waiver of jury trial, movant testified to all of the following: he had not been under the care of a physician or psychiatrist during the previous six months, other than for problems with his knees; the only medicine he took was an anti-inflammatory pain pill that did not affect his mind; and he did not suffer from any emotional or mental disability or problem, aside from a high school diagnosis of ADD or ADHD. Following extensive questioning, the court determined that movant was of

9

sound mind capable of waiving his right to a jury trial.

Movant in his reply argued that since his incarceration he has been diagnosed with "Adjustment Disorder with Depressed Mood." Reply at 5. The diagnosis and report attached to the Reply are from a prison psychologist, summarizing an interview between movant and the psychologist after movant became incarcerated. The report was prepared based on movant's mental state and events that occurred <u>after</u> movant's conviction and subsequent incarceration; thus, nothing therein could have alerted Belcher to any potential mental or emotional issues during his representation of movant. Movant has directed the court to nothing in the record to show that he suffered from any mental, emotional, or psychological defect that would have called into question his sanity during the time he was represented by Belcher.

The remainder of movant's allegations with respect to Belcher are conclusory or fail to allege prejudice. Conclusory allegations are insufficient to establish ineffective assistance of counsel. See <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

Movant's complaints concerning Biggs are similarly frivolous. To prove prejudice on appeal under the <u>Strickland</u>

standard requires movant to show "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999) (brackets in original) (internal citations omitted).  Movant has failed to make such a showing.

Movant's contentions that he was not informed of his right to appointed counsel on appeal and that he was deceived as to the existence of an appeal are nonsensical.  Movant was represented by counsel from the office of the Federal Public Defender at each stage of his appeal, and the record plainly shows counsel filed appeals on movant's behalf.[2]

Movant does not specify which brief was allegedly filed untimely, but the court need not dwell long on the question, as movant has failed to show prejudice.  The Fifth Circuit considered movant's appeal and affirmed his conviction and sentence in a published opinion.  There is no indication that untimeliness of a brief in any way affected movant's appeal to the Supreme Court, but even if it did, movant is not entitled to effective assistance of counsel on a discretionary appeal.  See

---

[2] The court notes that movant was only entitled to appointed counsel for his appeal as of right to the United States Court of Appeals for the Fifth Circuit.  There is no right to appointed counsel on an appeal to the United States Supreme Court.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

e.g., <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [to the state's highest court] timely."); <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 n.7 (1985) ("[T]he right to effective assistance of counsel is dependent on the right to counsel itself.").

Movant's contentions that he was not consulted or asked his opinion about any matters on appeal also fail to establish ineffective assistance of counsel. Counsel is not required to press every non-frivolous argument which a criminal defendant wants raised on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). Counsel is required only to raise "[s]olid, meritorious arguments based on directly controlling precedent." <u>United States v. Phillips</u>, 210 F.3d 345, 348 (5th Cir. 2000) (citations omitted). The court has found none of the issues raised in the instant motion to have merit; thus, even if movant had been allowed input into the appeal, he has failed to show any meritorious arguments Biggs could have raised or how the outcome would have been different.

Materials attached to movant's reply contradict movant's contention that he was not kept apprised of the progress of his appeal. Movant attached a letter from Biggs informing him of the

12

next steps following denial of his appeal by the Fifth Circuit and informing him that Hawkins would continue the appeal to the Supreme Court. Movant also attached a letter from Hawkins informing him that the Supreme Court had denied the petition for certiorari filed on his behalf, and advising movant that he had one year from May 31, 2011, to file his motion pursuant to § 2255. Movant has failed to allege what further action either Biggs or Hawkins should have taken to apprise him of the status of his appeal, and his conclusory assertion to that effect does not establish ineffective assistance of counsel. <u>Miller</u>, 200 F.3d at 282.

C.  <u>Ineffective Assistance of Judge</u>

This claim is entirely without merit. Movant's contentions that the court was influenced by his prior criminal background and that the court attempted to rush resolution of the case are both conclusory and without support in the record. Movant failed to identify the basis of either of these allegations, and they fail as conclusory. <u>Id.</u> And Federal Rule of Evidence 614(b) expressly authorizes questioning of a witness by the court. <u>See also</u> <u>Moore v. United States</u>, 598 F.2d 439, 442 (5th Cir. 1979) (the trial judge "may question witnesses and elicit facts not yet adduced or clarify those previously presented"). Movant has raised nothing but his self-serving after-the-fact speculation

13

that he was not afforded a fair trial.

V.

ORDER

Therefore,

The court ORDERS that the motion of Bryan Kerr Dickson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 3, 2011.

JOHN McBRYDE
United States District Judge